The Honorable Shane Broadway State Representative 201 S.E. 2nd Street Bryant, AR 72022-4025
Dear Representative Broadway:
You have requested an Attorney General opinion concerning the employment of a quorum court member at a hospital whose facilities are leased from the county.
You describe a situation in which a quorum court member has accepted a position as a PBX operator at a hospital that is operated by a non-profit organization. The organization leases the hospital facilities from the county. In light of these facts, you have asked:
 Is a member of the quorum court in violation of A.C.A. § 14-14-1202 if she accepts a position as a PBX operator with a hospital that is operated by a non-profit organization in facilities leased from the county? If so, what must she do to comply with the law?
RESPONSE
It is my opinion, as explained more fully below, that although A.C.A. §14-14-1202 does not prohibit the quorum court member in question from accepting the position as a PBX operator at the hospital, it does prohibit her from receiving compensation for serving in that position.
The pertinent provision of A.C.A. § 14-14-1202 states:
(c) No officer or employee of county government shall:
 (1) Be interested, either directly or indirectly, in any contract or transaction made, authorized, or entered into on behalf of the county or an entity created by the county, or accept or receive any property, money, or other valuable thing, for his use or benefit on account of, connected with, or growing out of any contract or transaction of a county.
A.C.A. § 14-14-1202(c)(1).
The above-quoted provision does not explicitly prohibit the quorum court member from accepting the position at the hospital. However, a quorum court member who receives compensation from an organization that leases its facilities from the county is at least indirectly interested in the lease contract with the county. This person's compensation is connected with and, in a sense, grows out of the lease contract with the county. This person's interest in the lease contract with the county (even if indirect), as well as this person's receipt and acceptance of compensation from the organization, violates the explicit provisions of A.C.A. § 14-14-1202(c)(1). In order to avoid such violation, the quorum court member would have to decline compensation from the non-profit organization that operates the hospital.[1]
If, for some reason, the quorum court member should choose to continue in the position of PBX operator at the hospital without compensation, she must be careful not to violate A.C.A. § 14-14-1202(a), which states:
 The officer or employee may not use his office, the influence created by his official position, or information gained by virtue of his position to advance his individual personal economic interest or that of an immediate member of his family or an associate, other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally.
A.C.A. § 14-14-1202(a).
If the quorum court member is serving as a PBX operator at the hospital without compensation, it is unlikely that an issue pertaining to the hospital would come before the quorum court that could affect this member's personal economic interest. Nevertheless, if this should occur (i.e., if any issue should come before the quorum court that would advance the quorum court member's individual personal economic interest as a PBX operator at the hospital — other than incidentally), that member must abstain from voting on that issue. It should be noted that quorum court members are subject to fine and removal from office for violation of this provision. See A.C.A. § 14-14-1202(d).
To summarize, then, I conclude that A.C.A. § 14-14-1202 would not prohibit a quorum court member from accepting a position as a PBX operator at a hospital that leases its facilities from the county. However, A.C.A. § 14-42-1202 would prohibit this member from receiving compensation for serving in that position. If the quorum court member should choose to serve in the position without compensation, she must nevertheless avoid using her position on the quorum court to advance her personal economic interest in any way.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] I am assuming that the employer in the situation you have described is the non-profit organization that operates the hospital. My conclusions would be the same even if the employer is some other entity, because the individual in question would still be at least indirectly interested in the lease contract with the county.